UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE ESTATE OF LORI VAN-DELFT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 3:06CV01578 (PCD) |
| | : | |
| MADISON NATIONAL LIFE | : | |
| INSURANCE COMPANY, INC., | : | November 29, 2006 |
|     Defendant. | : | |

### RULING ON PLAINTIFF'S MOTION TO REMAND

On August 25, 2006, Plaintiff, the estate of Lori Van-Delft, filed this action against Defendant Madison National Life Insurance Co., Inc., in the State of Connecticut Superior Court for the Judicial District of New Haven, alleging a breach of a life insurance policy contract and violations of the Connecticut Unfair Trade Practices Act, CONN. GEN. STATS. §§ 38a-816(6), 42-110(b). The complaint was served on the Office of Insurance Commissioner on September 11, 2006. On October 6, 2006, Defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Plaintiff filed a Motion to Remand [Doc. No. 15-1] this action to the state court on the grounds that, because the matter in controversy is less than $75,000, exclusive of interests and costs, the Court does not have original jurisdiction over this suit. [Doc. No. 15-1.] Plaintiff argues that because it claims damages in the amount of $19,000, and because the life insurance policy in question had an original decreasing term life insurance balance of $24,378.00, Defendant has no basis on which to claim by a preponderance of evidence that the matter in controversy exceeds $75,000.00. Defendant does not object to Plaintiff's motion to remand. [See Doc. No. 15-2.] Given the parties' agreement that the amount in controversy does not meet the requisite minimum, the Court lacks original jurisdiction over this case. Accordingly, Plaintiff's Motion to Remand [Doc. No. 15] is **granted**, and it is hereby ordered

that this case be remanded to the Connecticut Superior court for the Judicial District of New Haven.

Plaintiff also seeks, pursuant to 28 U.S.C. § 1927, a court order for payment of costs and fees associated with removal.  Defendant counters that it should not be responsible for costs and fees because it had a good faith basis on which to believe that the amount in controversy exceeded $75,000.  In addition to claiming $19,000 in damages for its breach of contract claim, Plaintiff sough punitive or treble damages based on unfair trade practices, including double or triple damages pursuant to CONN. GEN. STAT. § 52-568.  Because Plaintiff claimed punitive damages in all four counts listed in the complaint, the Court concludes it was reasonable for Defendant to believe that the amount in controversy requirement was met.  It is therefore not appropriate to award Plaintiff the costs and fees associated with removal or this remand.

SO ORDERED.

Dated at New Haven, Connecticut, this 29th day of November, 2006.

/s/
Peter C. Dorsey, U.S. District Judge
District of Connecticut